KC FILED
NOV 1 6 2007 11-16-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE ROCKS,<br><br>    Plaintiff,<br><br>v.<br><br>GKN WALTERSCHIER, INC.,<br><br>    Defendant. | 07CV6526<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE DENLOW<br><br>(Removed from the Circuit Court of Cook County, Illinois, County Department, Law Division) |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, GKN Walterscheid, Inc., incorrectly named as GKN Walterscheir, Inc., ("GKN" or "Defendant"), pursuant to 28 U.S.C. §§ 1338, 1367, 1441 and 1446, submits the following Notice of Removal with respect to the above-captioned case filed in the Circuit Court of Cook County, Law Division, Chicago, Illinois, Case No. 2007-L-11420.

In support of its Notice of Removal, Defendant states:

1. On or about October 17, 2007, Plaintiff Bruce Rocks ("Plaintiff") filed a Complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division. Copies of the Complaint and Summons, which constitute all "process, pleadings, and orders" served upon Defendant in the state court action, are attached at Tab A. 28 U.S.C. § 1446(a).

2. Plaintiff's Complaint asserts a violation of the Illinois Whistleblower Act, 740 ILCS 175 *et seq.*, alleging Plaintiff was unlawfully terminated from his employment at GKN because he refused to participate in an activity that would result in a violation of the law. Compl. ¶ 7. Specifically, Plaintiff alleges that he refused to engage in activity which would have

violated the Copyright Act of 1976, 17 U.S.C. 506(a)(1)(A), 17 U.S.C. § 1009, 18 U.S.C. § 2319. Compl. ¶¶ 4,7.

3. The federal district courts "shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights." 28 U.S.C § 1338.

4. The Seventh Circuit explains that whether an action arises under the Copyright Act turns on "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." *Christianson v. Colt Operating Corp.*, 798 F.2d 1051, 1059 (7th Cir. 1986) (citation omitted).

5. Federal law is at the forefront of this case. Under the Illinois Whistleblower Act, an employer may not retaliate against an employee for either:

- "disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation," *see* 740 ILCS 174/15; or

- "refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation," *see* 740 ILCS 174/20.

6. Plaintiff's Complaint is devoid of any allegations that he disclosed any information to any government or law enforcement agency. Consequently, Plaintiff must be alleging that his termination was the result of his refusal to participate in any activity that would result in a violation of the Copyright Act. *See* 740 ILCS 174/20; *see also* Compl. ¶¶ 4,7.

7. The plain language of the Whistleblower Act mandates that the alleged activity would have, in fact, resulted in a violation of the law. *See* 740 ILCS 174/20 This section makes no provision for a reasonable belief that the activity might violate the law. *See id.*

8. Thus, in order to prevail under the Whistleblower Act, Plaintiff must establish that his interpretation of the Copyright Act was correct. Adjudication of his claim will necessarily require the court to interpret of the Copyright Act. As a result, jurisdiction is proper only with

the federal courts. *See* 28 U.S.C. § 1338; *see also Christianson*, 798 F.2d at 1061 (holding in a patent case that federal jurisdiction was proper under 28 U.S.C. § 1338 where "plaintiff must establish that his interpretation of the patent laws is correct in order to prevail"), *see also gh, LLC v. Curtin*, 422 F. Supp. 2d 994, 998 (N.D. Ind. 2006) (federal jurisdiction exists under 28 U.S.C. § 1338 where "plaintiff's explicit request for relief . . . can be granted only after construing [the Copyright Act]").

9.    Removal of the entire case is appropriate because this Court has original jurisdiction over Plaintiff's Whistleblower Act claim to the extent that it alleges a violation of the Copyright Act and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's remaining claim. Specifically, all of the counts arise from the same facts and circumstances allegedly giving rise to Plaintiff's Whistleblower claims alleging a violation of the Copyright law. Therefore, each part of the claim forms "part of the same case or controversy" under Article III of the United States Constitution, giving rise to this Court's jurisdiction over the entire case under 28 U.S.C. § 1367(a).

10.   Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 93(a)(1), this Court embraces the County of Cook, State of Illinois. Accordingly, this Court is the appropriate Court for the removal of this action. 28 U.S.C. § 1441(a).

3

11. The Summons and Complaint were served on Defendants no earlier than October 19, 2007. This Notice of Removal is filed with this Court within 30 days after receipt by Defendants, and thus is timely under 28 U.S.C. § 1446(b).

**November 16, 2007**                    Respectfully submitted,

GKN WALTERSCHIED, INC.,

By _____
One of Its Attorneys

Douglas A. Darch
Rebecca Pratt Bromet
Bradley S. Fiorito
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

4

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that she caused a true and correct copy of the foregoing Notice of Removal to be served upon:

>Ernest T. Rossiello
>134 North LaSalle Street, Suite 1330
>Chicago, IL 60602-1137

by U.S. Mail, on November 16, 2007.

_____
Rebecca Pratt Bromet

Firm Id. # 90747

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRUCE ROCKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GKN WALTERSCHIER, INC., | ) Case No. 007 L 11420. |
| Defendant. | ) ) ) ) ) |

### NOTICE TO STATE COURT OF FILING OF REMOVAL TO FEDERAL COURT

To:  The Clerk of the Court                          Ernest T. Rossiello
     Circuit Court of Cook County, Illinois          134 North LaSalle Street, Suite 1330
     Richard J. Daley Center                         Chicago, IL 60602-1137
     50 West Washington Street, Suite 2600
     Chicago, Illinois  60602

      Pursuant to 28 U.S.C. § 1446(d), Defendant, GKN Walterschied, Inc., incorrectly named as GKN Walterschier, Inc, notifies the Court that on November 16, 2007, it filed in the United States District Court for the Northern District of Illinois, Eastern Division at Lafayette, its Notice of Removal in this action, a copy of which is attached.  Pursuant to 28 U.S.C. § 1446(d), the Circuit Court of Cook County, Illinois, County Department, Law Division may not proceed further with the case entitled *Rocks v. GKN Walterschier, Inc.*, Case No. 2007 L 11420.

**November 16, 2007**                          Respectfully submitted,

                                                    GKN WALTERSCHIED, INC.,

                                                    By _/s/ Rebecca Bromet_
                                                              One of Its Attorneys

Douglas A. Darch
Rebecca Pratt Bromet
Bradley S. Fiorito
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000


| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

CCG N001-10M-1-07-05 ( )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

(Name all parties)

**BRUCE ROCKS**

v.

**GKN WALTERSCHEIR, INC.**

No. _____

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 23939
Name: Ernest T. Rossiello
Atty. for: Plaintiff
Address: 134 North LaSalle Street, Suite 1330
City/State/Zip: Chicago, IL 60602-1137
Telephone: 312/346-8920
Service by Facsimile Transmission will be accepted at: 312  346-5988
(Area Code) (Facsimile Telephone Number)

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## BRUCE ROCKS v. GKN WALTERSCHEIR, INC.

### SERVICE LIST

(1) GKN WALTERSCHEIR, INC.
2715 Davey Road
Woodridge, IL 60517

Attorney Code 23939

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRUCE ROCKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. |
| | ) ) |
| GKN WALTERSCHEIR, INC. | ) ) |
| Defendant. | ) |

### COMPLAINT AT LAW

Now comes the plaintiff, BRUCE ROCKS, through his attorney, ERNEST T. ROSSIELLO, and, complaining of the defendant, GKN WALTERSCHEIR, INC., under the Illinois Whistleblower Act, 740 ILCS 175/20 (2005), et seq., alleges:

1. That on or about February 20, 2007 the defendant was, and still is, a corporation duly organized and existing under the laws of the State of Illinois, doing business in the County of Cook.

2. That the defendant is an "employer" within the meaning of Section 5 of the Act, and, as such, is subject to its provisions; and, the plaintiff is an "employee" employed by the defendant employer;

3. Plaintiff, at all times relevant hereto, was employed by defendant as "CNC Machinist" at an hourly wage of $19.60.

4. Pursuant to Title 18 U.S.C. 2319 and 17 U.S.C. 506(a)(1)(A), it was a crime under federal law to infringe on a copyright by using another's data for purposes of commercial

1

advantage or private financial gain. See also, 17 U.S.C. 506. The Copyright Act of the United States, Title 17 U.S.C. Sec. 1009, also made it unlawful to do so, and created civil remedies for infringements of copyrights owned by another.

5. Under Illinois law, it was also a crime to engage in computer fraud, 720 ILCS 5/16D-5, and to unlawfully communicate with another through the use of unlawful communications access devices, 720 ILCS 5/16-18 through 16-20.

6. That, at all times relevant hereto, more particularly, on February 20, 2007, the Whistleblower Act, 740 ILCS 174/15, made it unlawful in this state to retaliate against an employee for disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State, or federal law, rule or regulation. Id., P.A. 93-544, Sec. 15, effective January 1, 2004; or, in the alternative, 740 ILCS 174/20, for refusing to participate in an activity that would result in a violation of a State or federal law, rule or regulation.

7. That under the state and federal laws above, defendant was prohibited from requiring plaintiff to perform his usual job activities with MASTER CAM software, which he reasonably believed had been unlawfully used by the employer, without the written consent and authorization of the copyright owner, in violation of one or more of the foregoing laws of the State of Illinois and the United States; but, notwithstanding their duty in the premises, defendant unlawfully and maliciously discharged plaintiff from his position of gainful employment, on or about February 20, 2007, after expressing his opposition to management that it was unlawful for him to do so.

8. That, as a direct and proximate result of the plaintiff's discharge, he has lost his position of gainful employment; and, has been embarrassed, humiliated and

inconvenienced. Plaintiff has also been caused to incur expenses of litigation, expert witness and attorney's fees, all to his damage in a sum of money greater than THIRTY THOUSAND DOLLARS ($30,000.00), plus back pay with interest, attorney's fees and costs of suit;

9. That plaintiff has been unable to find other employment in this locale of comparable value and benefits, and he seeks reinstatement to his former position, as made and provided for by the Whistleblower Act, 740 ILCS 174/30(1).

WHEREFORE plaintiff, BRUCE ROCKS, asks the court to enter judgment in his favor, and upon the verdict of a jury, and against GKN WALTERSCHEIR, INC., a corporation, in a sum of money greater than THIRTY THOUSAND DOLLARS ($30,000.00), plus all back pay, with interest, compensation for all damages sustained as a result of the discharge; reinstatement to his former position with the same seniority which he would have had, had he not been discharged, costs of litigation, expert witness fees and reasonable attorney's fees, pursuant to 740 ILCS 174/30(1)-(3).

*/s/ Ernest T. Rossiello*

ERNEST T. ROSSIELLO
& ASSOCIATES, P.C.
134 North LaSalle Street, Ste. 1330
Chicago, Illinois 60602
(312) 346-8920
Fax: 312/346-5988
Email: ETRLaw@aol.com

Attorney for Plaintiff

October 17, 2007

3