**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON**

| | |
|---|---|
| BRUCE ROCKS,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.         ) | NO.  07 C 6526 |
| ) | JUDGE KENNELLY |
| ) | |
| GKN WALTERSCHEIR, INC.         ) | |
| ) | |
| Defendant.         ) | |

**ANSWER TO NOTICE OF REMOVAL AND
<u>MOTION TO REMAND TO STATE COURT</u>**

Pursuant to 28 U.S.C. 1447(c) plaintiff moves the court to remand this action to the state court. The action should be remanded to Cook County, as it does not "arise under" the Copyright Act. Defendant's only cited case, <u>Christianson v. Colt Operating Corp.</u>, 798 F.2nd 1051, 1059 (7th Cir. 1986), does not support federal jurisdiction. Defendant seeks to make this suit more complicated and expensive than necessary. The action should be remanded.

This suit arises under the Illinois Whistleblower Act, 740 ILCS 174/20 (2007). In effect, plaintiff alleges that he was discharged from employment because he complained that defendant was committing a crime, namely, they were pirating software for their own use without authorization or licensing. The complaint removed alleges as much, with citations. There will be no discussion in discovery or at trial of substantive copyright law. If the Copyright Act is mentioned, it would be purely in passing to state that the Copyright Act forbade defendant from using the owner of MASTER CAM's software without its authorization.. No issue of copyright under the Copyright Act will be necessary or required. Indeed, plaintiff's complaint

would do well enough even if he were to withdraw the reference to the Copyright Act.

In an excellent article appearing in the most recent issue of the American Bar Association's <u>Litigation</u> journal, Vol. 34, No. 4 (Fall 2007), p. 54, the author explains what is covered by the Copyright Act and what is not. "[C]opyright protection… extends only to the programmer's original, creative expression, and not to the functionality imparted by the software….That functionality is not, however, protected by the Copyright Act. The processes and algorithms embodied in the software might be patentable, but they cannot be copyrighted. Copyright law protects only the expression used to accomplish the functionality, not the underlying functionality itself. Id. citing <u>Apple Computer v. Microsoft Corp.</u>, 35 F. 3rd 1435 (9th Cir. 1994).

In this case, plaintiff has alleged that pursuant to Title 18 U.S.C. 2319 and 17 U.S.C. 506(a)(1(A), it was a crime under federal law to infringe on a copyright by using another's data for purposes of commercial advantage or private financial gain. See also, 17 U.S.C. 506. The Copyright Act of the United States, Title 17 U.S.C. Sec. 1009, also made it unlawful to do so, and created civil remedies for infringements of copyrights owned by another.

Under Illinois law, it was also a crime to engage in computer fraud, 720 ILCS 5/16D-5, and to unlawfully communicate with another through the use of unlawful communications access devices, 720 ILCS 5/16-18 through 16-20. The Whistleblower Act, 740 ILCS 174/15, made it unlawful in this state to retaliate against an employee for disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State, or federal law, rule or regulation. Id., P.A. 93-544, Sec. 15, effective January 1, 2004; or, in the alternative, 740 ILCS 174/20, for refusing to participate in an activity that would result in a violation of a State or federal law, rule

or regulation. Plaintiff's case falls in the latter category. None of these proscriptions would involve substantive copyright law. The "degree to which federal law must be in the forefront" is *de minimis*. Here, it would be "collateral, peripheral or remote" to quote Judge Esbach's words in <u>Christenson v. Colt Operating Corp.</u>, supra.

WHEREFORE plaintiff, BRUCE ROCKS, asks the court to remand this cause to the state court, with costs and fees taxed to defendant for filing this removal.

                                               _____
                                                 ERNEST T. ROSSIELLO

                                               ERNEST T. ROSSIELLO
                                                   & ASSOCIATES, P.C.
                                             134 North LaSalle Street, Ste. 1330
                                             Chicago, Illinois 60602
                                             (312) 346-8920
                                             Fax:  312/346-5988
                                             Email:  ETRLaw@aol.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that a true and correct copy of said document was served upon defendants pursuant to ECF as to Filing Users in accordance with Fed.R.Civ.P.5(a) and (b) on this 7th day of December, 2007 before 5:00 P.M.

                                          \_s/ Ernest T. Rossiello _____
                                          ERNEST T. ROSSIELLO