IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE ROCKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 07-cv-6526 |
| GKN WALTERSCHEIR, INC., | ) ) Judge Kennelly ) |
| Defendant. | ) ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, GKN Walterscheid, Inc., (improperly identified in the above caption as "GKN Walterscheir, Inc.," hereinafter "GKN"), pursuant to the Court's Order dated November 21, 2007, respectfully submits this brief in opposition to Plaintiff's Motion to Remand.

**INTRODUCTION**

This case involves Plaintiff's claim that he was terminated in retaliation for refusing to engage in conduct which allegedly would have violated the Copyright Act, 17 U.S.C. § 1009, federal criminal infringement law, 17 U.S.C. § 506(a)(1)(A), 18 U.S.C. § 2319, and state laws pertaining to computer fraud, 720 Ill. Comp. Stat. 5-16D-5, and use of unlawful communications and access devices, 720 Ill. Comp. Stat. 5/16-18 through 16-20.  On October 17, 2007, Plaintiff filed a single-count complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, alleging a violation of the Illinois Whistleblower Act ("IWA"), 740 Ill. Comp. Stat. 174/20.  On November 16, 2007, GKN timely filed a Notice of Removal under 28 U.S.C. §§ 1338, 1367, 1441 and 1446 on the basis that original federal question jurisdiction exists in this case because Plaintiff's Complaint arises under the Copyright Act.  28 U.S.C. § 1338.  Pursuant

to the instruction of 28 U.S.C. § 1446(b), Defendant's Notice of Removal contained only a "short and plain statement of the grounds for removal."

On November 26, 2007, the Court entered an order directing the Plaintiff to respond to GKN's Notice of Removal no later than December 7, 2007. *See* Docket No. 10. On December 7, 2007, Plaintiff filed a Motion to Remand, stating that the case does not arise under the Copyright Act. *See* Docket No. 12.

As described more fully below, federal jurisdiction exists in this case because Plaintiff's IWA claim requires construction of the Copyright Act. Accordingly, the Court should deny Plaintiff's Motion to Remand.

## STATEMENT OF FACTS

1.  On October 17, 2007, Plaintiff filed a single-count complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division, alleging a violation of the Illinois Whistleblower Act ("IWA"), 740 Ill. Comp. Stat. 174/20 (2005), which was attached to Defendant's Notice of Removal.

2.  Plaintiff alleged that GKN discharged him after he expressed to GKN management his refusal to engage in an activity that he alleged would have violated the Copyright Act and other federal and state laws. Compl. ¶¶ 4-7.

3.  Specifically, Plaintiff alleged that "defendant was prohibited from requiring plaintiff to perform his usual job activities with MASTER CAM software, which he reasonably believed had been unlawfully used by the employer, without the written consent and authorization of the copyright owner, in violation of one or more . . . laws of the State of Illinois *and the United States*," and that he was then "unlawfully and maliciously discharged" from his position "after expressing his opposition to management that it was unlawful for him [to perform those activities.]" Compl. ¶ 7 (emphasis added).

4.    The bases for Plaintiff's whistleblower claim included two federal laws pertaining to copyright and two state laws relating to improper computer use:

    a.  The Copyright Act of the United States, 17 U.S.C. § 1009,

    b.  Criminal copyright infringement, 17 U.S.C. § 506(a)(1)(A); 18 U.S.C. § 2319,

    c.  Computer fraud, 720 Ill. Comp. Stat. 5/16D-5, and

    d.  "[U]se of unlawful communication access devices," 720 Ill. Comp. Stat. 5/16-18 through 5/16-20.

Compl. ¶ 4-5.

## ARGUMENT

### I. The Court Has Jurisdiction to Adjudicate Plaintiff's Claims as Plaintiff's Complaint Arises Under the Copyright Act.

Under the well-pleaded complaint rule, the court must determine whether jurisdiction exists based on the face of the complaint:

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in [the complaint], unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose.

*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *see also Christianson v. Int'l Trade Services, Inc.*, 798 F.2d 1051, 1060 (7th Cir. 1986). The well-pleaded complaint rule "is based on the assumption that if the plaintiff relies on federal law in stating his claim, federal questions are more likely to dominate the litigation." *Christianson*, 798 F.2d at 1060.

Because of a unique aspect of the Copyright Act, the Courts of Appeal conduct a particularized inquiry of the "arising under" question in copyright cases. The uniqueness of copyright law is found in two sections of the Copyright Act. Federal district courts "shall have

3

original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338. Indeed, in copyright cases, such "jurisdiction is exclusive of the courts of the states." 28 U.S.C. § 1338(a). To determine whether an action arises under the Copyright Act, the Seventh Circuit has adopted the "*Harms* test." *International Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 915-16 (7th Cir. 2001); *see also Christianson*, 798 F.2d 1059. The *Harms* test provides that:

> an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act . . .or asserts a claim requiring construction of the Act . . . [or,] perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964).

Under the *Harms* test, Plaintiff's IWA claim arises under the Copyright Act because this claim "requires construction" of the Copyright Act. Indeed, federal copyright law lies squarely in "the forefront of the case." *Christianson*, 798 F.2d at 1059. Plaintiff alleges that GKN terminated him for his refusal to participate in an activity that he alleges would have violated the Copyright Act. Compl. ¶ 7 ("[D]efendant was prohibited from requiring plaintiff to perform his usual job activities with MASTER CAM software, which he reasonably believed had been unlawfully used by the employer, without the written consent and authorization of the copyright owner . . . ."). Plaintiff alleges that this retaliatory termination violated the IWA. 740 Ill. Comp. Stat. 174/20, Compl. ¶ 6. The IWA makes it unlawful to "retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation." *Id.* Therefore, to state his claim, Plaintiff must prove that the activity he refused to perform would have resulted in a violation of the Copyright Act, putting the Copyright Act in the center of Plaintiff's claim.

4

Plaintiff claims in his motion to remand that "[t]here will be no discussion in discovery or at trial of substantive copyright law." *See* Pl.'s Mot. at 1. Nothing could be further from the truth. The plain language of the IWA requires Plaintiff to show, as an element of his proof, that the alleged activity *would* result in a violation of the law. *See* 740 Ill. Comp. Stat. 174/20 (2005), *see also Jet, Inc. v. Shell Oil Co.*, 2002 U.S. Dist. LEXIS 22951, *12-13 (N.D. Ill. Nov. 22, 2002) (Kennelly, J.) (citing cases holding that the plain language of a statute is conclusive absent express legislative intent to the contrary). Thus, Plaintiff must establish that his interpretation of the Copyright Act is correct, which will require much more than a "passing" mention of the Copyright Act, as suggested by Plaintiff. *See* Pl's Mot. at 1. As a result, construing the Copyright Act will be required at every stage of litigation so the Court will be able to adjudicate whether the activity Plaintiff alleges he refused to perform would have violated the Copyright Act. Only a federal court may decide such an issue. *See* 28 U.S.C. § 1338; *see also Christianson*, 798 F.2d at 1061 (determining that federal jurisdiction was proper under § 1338 in a patent case where "plaintiff must establish that his interpretation of the patent laws is correct in order to prevail"); *gh, LLC v. Curtin*, 422 F. Supp. 2d 994, 997 (N.D. Ind. 2006) (federal jurisdiction exists under § 1338 where "plaintiff's explicit request for relief . . . can be granted only after construing [the Copyright Act]").

The facts and allegations in this case are remarkably similar to those in *gh, LLC v. Curtin*. In *gh, LLC v. Curtin*, an employer brought a trade-secrets case against several former employees. 422 F. Supp. at 995. The complaint included sixteen counts, alleging violation of the Indiana Trade Secrets Act and other state law causes of action founded in contracts, tort, and common law. *Id.* Defendants asserted that the case arose under the Copyright Act and removed it to federal court. *Id.* The court denied plaintiff's request to remand because relief could be granted

"only after construing federal copyright laws." *Id*. at 998. The court noted that the plaintiff was the "master" of its claim and "chose to make construction of [copyright] doctrine an essential element of its claim . . . ." *Id.* Thus, because "there [was] simply no way to [adjudicate the plaintiff's claims without] construction of the Copyright Act," plaintiff's claim was held to arise under the Copyright Act. *Id.* Federal jurisdiction of the case was therefore proper under § 1338(a).

Plaintiff here similarly "chose to make construction" of the Copyright Act "an essential element of [his] claim." *See* Compl. ¶¶ 4, 7. Plaintiff's claim under the IWA rises and falls on proof of a copyright violation. *Id*. Determining the merits of Plaintiff's claim will require much more than an occasional passing reference to the Copyright Act. Indeed, adjudication of Plaintiff's claim will require "construction of the Copyright Act." Accordingly, jurisdiction of this case is proper under § 1338(a).

Plaintiff suggests that his Complaint would "do well enough even if he were to withdraw the reference to the Copyright Act." *See* Pl.'s Mot. at 2. This is not so. Plaintiff's allegations of copyright violations are central to his claim.[1] To state a claim under the IWA, Plaintiff must identify the "law, rule, or regulation," he alleges would have been violated by his conduct. *See* 740 Ill. Comp. Stat. 174/20. Plaintiff has identified not one, but two sections of the Copyright Act. *See* Comp. ¶ 4. Thus, the face of Plaintiff's Complaint plainly reveals that claims under the Copyright Act are "in the forefront of the case." *Christianson*, 798 F.2d at 1059. Accordingly,

---

[1] If Plaintiff intended by his comment to mean that were he to amend his Complaint so as to withdraw the two references to the Copyright Act, and thus rely only on state law as a basis for his IWA claim, Defendant would be in agreement that remand for lack of federal question under the well-pleaded complaint rule would be appropriate. Plaintiff, however, has not filed a motion for leave to amend nor has he filed an amended complaint as permitted under Fed. R. Civ. P. 15(a).

6

federal jurisdiction is proper under § 1338 and Plaintiff's Motion to Remand the case to state court must be denied.

II.     **Plaintiff's Request for Fees and Costs Is Unfounded, and Thus Defendant is Entitled to Costs and Fees Arising From Responding to Plaintiff's Wholly Unsupported Motion to Remand**

In his motion, Plaintiff requests that attorneys' costs and fees related to responding to GKN's notice of removal be awarded to Plaintiff.  *See* Pl.'s Mot. at 3.  Plaintiff complains that Defendant did not provide elaborate briefing of the issues in its notice of removal, wholly ignoring the instructions in 28 U.S.C. § 1446(b).  Ironically, in his motion, Plaintiff fails to provide any support for his position.  Rather, he relies on one citation to a trade article (without proper citation and failing to attach the article as an exhibit to his motion) and only one citation to a completely irrelevant case.  Indeed, the *Apple Computer v. Microsoft Corp.*, 35 F.3d 1435 (9th Cir. 1994), case cited by Plaintiff, does not include the word "jurisdiction," the phrase "arising under," or any reference to § 1338—because the case has nothing to do with the issues presented in Plaintiff's Motion to Remand.  Plaintiff's motion is nothing more than a waste of time for the Court and the Defendant, and Defendant should not be subject to fees and costs associated with Plaintiff's unsupported motion.

If anything, it is Plaintiff who should bear the costs incurred by Defendant in responding to Plaintiff's frivolous motion.  28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *see KAPCO v. C & O Enters.*, 885 F.2d 1485, 1490-91, 1496 (7th Cir. 1989) (§ 1927 sanctions upheld where, *inter alia*, attorney filed meritless motions, failed to cite to authority, and demonstrated a "file first, research later" attitude).

7

## CONCLUSION

GKN respectfully requests that the Court deny Plaintiff's motion for remand as it is apparent from the face of Plaintiff's Complaint that his IWA claim arises under the Copyright Act. GKN further requests that the Court grant it its costs and fees associated with responding to either part or both parts of Plaintiff's meritless motion (the motion to remand or the motion for fees).

| | |
|---|---|
| **DATED: December 17, 2007** | Respectfully submitted,<br><br>GKN WALTERSCHEID, INC.<br>By　/s/ Douglas A. Darch<br>　　Douglas A. Darch<br>Attorney for Defendant<br>Seyfarth Shaw LLP<br>131 South Dearborn St.<br>Suite 2400<br>Chicago, Illinois 60603<br>Telephone: 312-460-5000<br>Facsimile: 312-460-7000<br>E-mail: ddarch@seyfarth.com |

Douglas A. Darch
Rebecca Pratt Bromet
Bradley S. Fiorito
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11377864.3

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 17, 2007, he caused a copy of DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

>Ernest T. Rossiello
>134 N. LaSalle St., Suite 1330
>Chicago, IL 60602-1137

>_____/s/ Bradley S. Fiorito_____
>Bradley S. Fiorito