IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE ROCKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-6526 |
| ) | |
| GKN WALTERSCHEIR, INC., ) | Judge Kennelly |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, GKN Walterscheid, Inc., (improperly identified in the above caption as "GKN Walterscheir, Inc.," hereinafter "GKN"), in light of Plaintiff's recently filed Amended Complaint, respectfully submits this supplemental brief in opposition to Plaintiff's Motion to Remand.

**INTRODUCTION**

On December 7, 2007, Plaintiff filed a Motion to Remand, stating that his claim under the Illinois Whistleblower Act ("IWA") did not arise under federal law for removal purposes despite its reference to the Copyright Act. *See* Docket No. 12.

On December 14, 2007, Defendant filed its Opposition to Plaintiff's Motion to Remand, asserting Plaintiff's Complaint arose under federal law – the Copyright Act and the federal criminal code – and that as such jurisdiction was exclusively in the federal courts.. *See* Docket No. 13.

On December 18, 2007—before the Court had a chance to file its ruling on Plaintiff's Motion to Remand—Plaintiff filed an Amended Complaint. *See* Docket No. 14. Although

Plaintiff's Amended Complaint appears designed to circumvent "arising under" jurisdiction, this Court continues to have jurisdiction over Plaintiff's claim under 28 U.S.C. § 1338(a).

## ARGUMENT

In his initial Complaint, Rocks alleged four bases for his IWA claim: the Copyright Act, the federal criminal code, and two state laws. Plaintiff's Amended Complaint purports to remove his claim involving § 1009 of the Copyright Act. *Compare* Compl. ¶ 4 *with* Am. Compl. ¶ 4. Plaintiff's mere deletion of any overt reference to 17 U.S.C. § 1009 fails to change the fact that Plaintiff's claim arises under federal copyright law.

Plaintiff's Amended Complaint retains allegations of criminal copyright infringement under 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319. Section 506(a) provides:

> Any person who willfully infringes a copyright shall be punished as provided under section 2319 of title 18, if the infringement was committed—for purposes of commercial advantage or private financial gain . . . ."

17 U.S.C. § 506(a)(1)(A). Section 2319 creates the criminal enforcement scheme and specific penalties for violations of § 506(a)(1)(A). *See* 18 U.S.C. § 2319. Thus Plaintiff continues to base his IWA claim on the Copyright Act by asserting that GKN retaliated against Plaintiff because he refused to participate in activity what would result in a violation of the federal Copyright Act, 17 U.S.C. § 506(a)(1)(A). *See* Am. Compl. ¶ 4, 6. If Plaintiff's Amended Complaint were designed to strip this Court of jurisdiction, it fails.

Congress has specifically provided that the federal courts have exclusive jurisdiction over copyright cases: "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338(a). An "Act of Congress" created the criminal offense for *copyright* infringement found in 17 U.S.C. § 506(a)(1)(A) (" ") and 18 U.S.C. § 2319. Because Plaintiff continues to raise allegations that

2

involve the purported violation of an "Act of Congress relating to . . . copyrights," jurisdiction over Plaintiff's claim is required by § 1338(a).

Notably, Title 17 of the United States Code—of which the § 506(a) criminal copyright infringement offense is a part—is titled "Copyrights" and deals entirely with copyrights. The provisions of Title 17, Chapter 5 concern the infringement of copyrights and include the criminal provisions outlined in § 506. Thus, Plaintiff's claim, as it relates to 17 U.S.C. § 506(a), sounds entirely in copyright law. By continuing to raise claims arising under copyright law, Plaintiff has emphatically stated that he intends to bring claims that can only be heard in federal court. *See* 28 U.S.C. § 1338(a).

Furthermore, although Plaintiff purportedly removed all allegations regarding 17 U.S.C. § 1009 of the Copyright Act (the civil action for copyright infringement) from his Amended Complaint, this provision continues to lurk behind the face of Plaintiff's Amended Complaint. Quite simply, "conduct that does not support a civil action for infringement cannot constitute criminal conduct under 17 U.S.C. § 506(a)." *Kelly v. L.L. Cool J.*, 1992 U.S. Dist. LEXIS 17502, *17 (S.D. N.Y. Nov. 16, 1992) (citing *Nimmer on Copyright*, § 15.01).

Adjudication of this case, because it is based in 17 U.S.C. § 506(a), continues to require the construction of federal copyright laws; therefore jurisdiction over Plaintiff's claim resides exclusively in this court. *See* 28 U.S.C. § 1338(a); *Christianson v. Int'l Trade Services, Inc.*, 798 F.2d 1051, 1061 (7th Cir. 1986) (determining that federal jurisdiction was proper under § 1338 in a patent case where "plaintiff must establish that his interpretation of the patent laws is correct in order to prevail"); *gh, LLC v. Curtin*, 422 F. Supp. 2d 994, 998 (N.D. Ind. 2006) (federal jurisdiction exists under § 1338 where "plaintiff's explicit request for relief . . . can be granted

only after construing federal copyright laws"). Accordingly, this Court should deny Plaintiff's Motion to Remand.

## CONCLUSION

GKN respectfully requests that the Court deny Plaintiff's motion for remand as it is apparent from the face of Plaintiff's Amended Complaint that his IWA claim continues to arise under federal copyright laws.

**DATED: December 20, 2007**              Respectfully submitted,

                                                                             GKN WALTERSCHEID, INC.
                                                                             By     /s/ Rebecca P. Bromet
                                                                                  One of Its Attorneys

Douglas A. Darch
Rebecca Pratt Bromet
Bradley S. Fiorito
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

5

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 20, 2007, he caused a copy of Defendant's Supplemental Brief in Support of Its Opposition to Plaintiff's Motion to Remand to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

>Ernest T. Rossiello
>134 N. LaSalle St., Suite 1330
>Chicago, IL 60602-1137

>_____/s/ Rebecca P. Bromet_____