IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE ROCKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 07-cv-6526 |
| GKN WALTERSCHEIR, INC., | ) )  Judge Kennelly |
| Defendant. | ) ) ) |

**ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes GKN WALTERSCHEID, INC., incorrectly sued as GKN WALTERSCHEIR, INC., by and through its attorneys, Seyfarth Shaw LLP, and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

**AMENDED COMPLAINT PARAGRAPH NO. 1:**

That on or about February 20, 2007 the defendant was, and still is, a corporation duly organized and existing under the laws of the Status of Illinois, doing business in the County of Cook.

**ANSWER:**

Defendant admits the allegation of Amended Complaint Paragraph No. 1.

**AMENDED COMPLAINT PARAGRAPH NO. 2:**

That the defendant is an "employer" within the meaning of Section 5 of the Act, and as such, is subject to its provisions; and, the plaintiff is an "employee" employed by the defendant employer;

**ANSWER:**

Defendant admits that it is an "employer" within the meaning of the Illinois Whistleblower Act and is subject to its provisions. Defendant further admits that Plaintiff was employed by Defendant and was an "employee" within the meaning of the Illinois

CH1 11353661.4

Whistleblower Act. Defendant denies each and every remaining allegation contained in Amended Complaint Paragraph No. 2.

**AMENDED COMPLAINT PARAGRAPH NO. 3:**

Plaintiff, at all times relevant hereto, was employed by defendant as "CNC Machinist" at an hourly wage of $19.60.

**ANSWER:**

Defendant admits that from March 20, 2006 to February 20, 2007 it employed Plaintiff as a "CNC Machinist" and that his hourly rate of pay was $19.60 on February 20, 2007. Defendant denies each and every remaining allegation contained in Amended Complaint Paragraph No. 3.

**AMENDED COMPLAINT PARAGRAPH NO. 4:**

Under Illinois law, it was a crime to engage in computer fraud, 720 ILCS 5/16D-5, and to unlawfully communicate with another through the use of unlawful communications access devices, 720 ILCS 5/16-18 through 16/20. Pursuant to Title 18 U.S.C. 2319 and 17 U.S.C. 506(a)(1(a) [sic], it was also a crime under federal law to use another's data, without authorization or consent, for purposes of commercial advantage or private financial gain.

**ANSWER:**

Defendant admits there exists a body of Illinois statutes relating to computer fraud and use of unlawful communication and access devices and that the sections cited in Amended Complaint Paragraph No. 4 are contained within those statutes. Defendant further states the content of these sections speak for themselves. Defendant further admits there exists a body of federal law relating to copyrights and that the United States Code sections cited in Amended Complaint Paragraph No. 4 relate to copyrights. Defendant further states the content of these sections speak for themselves. Defendant denies each and every remaining allegation contained in Amended Complaint Paragraph No. 4.

**AMENDED COMPLAINT PARAGRAPH NO. 5:**

At all times relevant hereto, more particularly, on February 20, 2007, the Whistleblower Act, 740 ILCS 174/15, made it unlawful in this state to retaliate against an employee for refusing

the participate in an activity that would result in a violation of a State or federal law, rule or regulation.

**ANSWER:**

Defendant admits there is a state law whose short title is the Whistleblower Act and that the section cited in Amended Complaint Paragraph No. 5 is contained within that Act. Defendant further states the content of the section cited in Amended Complaint Paragraph No. 5 speaks for itself. Defendant denies each and every remaining allegation contained in Amended Complaint Paragraph No. 5.

**AMENDED COMPLAINT PARAGRAPH NO. 6:**

That under the state and federal laws above, defendant was prohibited from requiring plaintiff's to perform his usual job activities with MASTER CAM software program, which he reasonably believed had been unlawfully used by the employer, without the written consent and authorization of the copyright owner, in violation of one or more of the foregoing criminal laws; but, notwithstanding their [sic] duty in the premises, defendant unlawfully and maliciously discharged plaintiff from his position of gainful employment, on or about February 20, 2007, after expressing his opposition to management that it was criminally unlawful for them to do so.

**ANSWER:**

Defendant denies each and every allegation contained in Amended Complaint Paragraph No. 6.

**AMENDED COMPLAINT PARAGRAPH NO. 7:**

That, as a direct and proximate result of the plaintiff's discharge, he has lost his position of gainful employment; and, has been embarrassed, humiliated and inconvenienced. Plaintiff has also been caused to incur expenses of litigation, expert witness and attorney's fees, all to his damage in a sum of money greater than THIRTY THOUSAND DOLLARS ($30,000.00), plus back pay with interest, attorney's fees and costs of suit;

**ANSWER:**

Defendant denies each and every allegation contained in Amended Complaint Paragraph No. 7. Defendant further denies Plaintiff is entitled to emotional distress damages.

**AMENDED COMPLAINT PARAGRAPH NO. 8:**

That plaintiff has been unable to find other employment in this locale of comparable value and benefits, and he seeks reinstatement to his former position, as made and provided for by the Whistleblower Act. 740 ILCS 174/30(1).

**ANSWER:**

Defendant admits that Plaintiff purports to seek reinstatement to his former position through this lawsuit. Defendant denies each and every remaining allegation contained in Amended Complaint Paragraph No. 8.

## DEFENSES

### First Defense

To the extent Plaintiff has failed to mitigate his damages, he is precluded from relief.

### Second Defense

To the extent Plaintiff has mitigated his damages, any award for damages that may be awarded to Plaintiff should be offset by such monies earned by Plaintiff.

### Third Defense

All employment actions taken by Defendant with respect to Plaintiff's employment were taken for legitimate, non-retaliatory reasons.

### Fourth Defense

The claims of Plaintiff are barred by the doctrine of unclean hands.

### Fifth Defense

Defendant reserves the right to plead any additional Affirmative Defenses as they become known or available during the pendency of this action.

CH1 11353661.4

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by the Complaint.

2. That the Complaint be dismissed with prejudice or, alternatively, that judgment be entered in favor of Defendant.

3. That Defendant be awarded costs of suit and attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

**DATED: January 2, 2007**  Respectfully submitted,

GKN WALTERSCHEID, INC.
By   /s/ Douglas A. Darch
     Douglas A. Darch
Attorney for Defendant
Seyfarth Shaw LLP
131 South Dearborn St.
Suite 2400
Chicago, Illinois 60603
Telephone:  312-460-5000
Facsimile:  312-460-7000
E-mail:  ddarch@seyfarth.com

Douglas A. Darch
Rebecca Pratt Bromet
Bradley S. Fiorito
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

5

CH1 11353661.4

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 2, 2007, he caused a copy of DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

> Ernest T. Rossiello
> 134 N. LaSalle St., Suite 1330
> Chicago, IL 60602-1137

>             /s/Douglas A. Darch
>             Douglas A. Darch