**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE ROCKS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07-cv-6526 |
| GKN WALTERSCHEIR, INC., | ) | Judge Kennelly |
| Defendant. | ) | |

**DEFENDANT'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, GKN Walterscheid, Inc., (improperly identified in the above caption as "GKN Walterscheir, Inc.," hereinafter "GKN"), pursuant to this Court's January 3, 2008 Order, respectfully submits this supplemental brief in opposition to Plaintiff's Motion to Remand.

**INTRODUCTION**

On January 3, 2008, the parties appeared before the Court on Plaintiff's Motion to Remand. The parties discussed whether remand was appropriate given Plaintiff's dependence on federal criminal copyright infringement law to state his cause of action. GKN maintained that federal copyright law was central to the Plaintiff's case and that jurisdiction was therefore proper in the federal court, because adjudication of Plaintiff's claim would require the court to determine whether a violation of the copyright law would have occurred but for Plaintiff's insubordination. *See* Defendant's Opposition to Plaintiff's Motion to Remand, Docket No. 13; Defendant's First Supplemental Brief in Support of Its Opposition to Plaintiff's Motion to Remand, Docket No. 20.

The Court requested simultaneous briefs from both parties on the question of whether Plaintiff's claim under the IWA, 740 Ill. Comp. Stat. 174/20 ("Section 20"), requires Plaintiff to

prove (1) that, absent plaintiff's insubordination, an actual violation of law would have occurred; or (2) that the plaintiff merely was required to have a reasonable belief that his actions would have violated the law. *See* Docket No. 19.

## ARGUMENT

### I. The Plain Language of Section 20 Requires Plaintiff to Establish that His Acts Would Have Resulted in a Legal Violation.

Plaintiff brings his claim under Section 20 of the IWA, which states:

> Retaliation for certain refusals prohibited. An employer may not retaliate against an employee for refusing to participate in an activity that *would result* in a violation of a State or federal law, rule, or regulation.

740 Ill. Comp. Stat. 174/20 (emphasis added). As the plain and unambiguous language of this section reveals, Plaintiff's activity, but for his insubordination, must have resulted in an *actual* violation of the law. Under Section 20, it is not enough for Plaintiff to show that he had a reasonable belief that a law would be violated. *See id*.

A federal court interpreting a state statute must follow state standards of statutory construction. *See Brownsburg Area Patrons Affecting Change v. Baldwin*, 137 F.3d 503, 507 (7th Cir. 1998) ("Federal courts must interpret a state statute as that state's courts would construe it."); *Illinois v. Tri-Star Indus. Lighting, Inc.*, No. 99-c-8156, 2000 U.S. Dist. LEXIS 14948, *6 (N.D. Ill. Oct. 12, 2000) (citing *Brownsburg* and applying Illinois rule of statutory construction to interpret Illinois law).

Illinois courts instruct that the unambiguous language of a statute should be given its full effect. Just last month, the Illinois Supreme Court reiterated that "[t]he primary rule of statutory construction is to ascertain and give effect to the legislature's true intent and meaning." *Brucker v. Mercola*, No. 102440, 2007 Ill. LEXIS 1838, *14 (Ill. Dec. 28, 2007). The "legislature's true intent and meaning" can best be ascertained by looking to "the language of the statute" and the

"words used by the legislature." *Id*. Where "the statutory language is clear and unambiguous," as here, there is no need to look to other canons of statutory interpretation. *Id*. at *14-15. Thus, Illinois courts look to a statute's "plain language" to determine legislative intent and give it its intended effect. *Illinois v. O'Connell*, No. 102707, 2007 Ill. LEXIS 1700, *8-9 (Ill. Nov. 29, 2007); *Rosewood Care Ctr., Inc. v. Caterpillar, Inc.*, No. 103212, 2007 Ill. LEXIS 1695, *10 (Ill. Nov. 1, 2007) ("The language of the statute is the best indication of legislative intent, and we give that language its plain and ordinary meaning.").

Courts "may not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with its express legislative intent." *Rosewood Care Ctr., Inc.*, 2007 Ill. LEXIS 1695 at *10. In short, "a court should not attempt to read a statute other than the manner in which it was written." *Ultsch v. Ill. Mun. Ret. Fund*, 226 Ill. 2d 169, 190 (Ill. 2007).

Under a plain reading of the IWA, it can only be concluded that an employee's mere reasonable belief that a violation would have occurred is not enough to trigger IWA protections. Section 20 clearly states that retaliation is prohibited only when an employee "refus[es] to participate in an activity that *would result*" in a violation of law. 740 Ill. Comp. Stat. 174/20 (emphasis added). Therefore, protection under Section 20 is only afforded to an employee if his actions, but for his insubordination, would actually have resulted in a legal violation. *Id*.

Accordingly, it is entirely irrelevant whether Rocks had a reasonable belief that his actions would have violated the law; that inquiry does not constitute any part of his burden of proof. *See id.* Rather, Rocks must prove that he was right—that his actions would in fact have violated State or federal law, as he alleges in his Amended Complaint. *Id.*

## II. The General Assembly Did Not Intend to Create a "Reasonable Belief" Standard for Claims Brought Under Section 20 of the IWA.

The IWA has two separate sections protecting employees from two different types of retaliation. Section 15 prohibits retaliation for certain disclosures, whereas Section 20 prohibits retaliation for refusing to engage in certain conduct. These two different sections establish two different standards of employee conduct.

Section 15 prohibits an employer from retaliating against an employee who speaks up and reports to outside authorities:

> (a) An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has *reasonable cause to believe* that the information discloses a violation of a State or federal law, rule, or regulation.
>
> (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has *reasonable cause to believe* that the information discloses a violation of a State or federal law, rule, or regulation.

740 Ill. Comp. Stat. 174/15 (emphasis added). Understandably, the law creates broad protections for employees who speak out to appropriate entities about information that they reasonably believe violates the law. It is the public policy of the State of Illinois to protect employees who report suspected violations of law. *See Brandon v. Anesthesia & Pain Mgmt. Assocs.*, 277 F.3d 936, 942 (7th Cir. 2002) (Illinois's "public policy encourages employees to report suspected violations of . . . law . . ."). Thus, an employee who reports perceived illegal activities to outside authorities takes little risk that his employer will be permitted to retaliate against him. He need only have a reasonable belief that his reports pointed to illegal acts. This comports with the public policy which encourages the reporting of potentially illegal activities to outside entities, such as government and law enforcement agencies, which exist to police illegal acts.

Section 20, by contrast, protects employees from retaliation when they engage in blatant insubordination, but it holds those employees to a higher standard:

> An employer may not retaliate against an employee for refusing to participate in an activity that *would result* in a violation of a State or federal law, rule, or regulation.

740 Ill. Comp. Stat. 174/20 (emphasis added). This makes sense. Speaking out in court or to law enforcement is less disruptive to an employer's workplace and therefore the employer may not retaliate against an employee discussing his or her reasonable belief that the employer violated the law. 740 Ill. Comp. Stat. 174/15. Insubordination, by contrast, is highly disruptive to the employer's workplace. In this situation, the Illinois General Assembly has set a higher standard: the employee must be right. 740 Ill. Comp. Stat. 174/20. Narrower protections against retaliation under Section 20 make sense for employees who take it upon themselves to police the workplace. An employee who decides to disobey his employer, without first reporting his concerns to an outside authority, runs a greater risk when he takes matters into his own hands, and retaliation against such an employee is prohibited only when the employee was correct that a legal violation would have occurred. *Id.*

If the General Assembly had intended to create a reasonable belief standard in Section 20, it certainly knew how to do so. The General Assembly did just that, not once, but twice, in Section 15, in both subsection (a) and subsection (b). If the General Assembly had intended to protect insubordination based on a reasonable belief, it would have included that language in Section 20. It did not.

Even if a plain reading of the IWA's statutory language did not conclusively reveal the legislature's unambiguous intent, the IWA's legislative history provides foolproof evidence of the legislature's intent with regard to Section 20. *Ultsch*, 226 Ill. 2d at 181 (where a plain reading does not clarify the meaning of a statute, "courts may look beyond the statutory language

and consider . . . the legislative history"). The legislative history shows that the General Assembly intended to create a higher hurdle for employees seeking protection under Section 20 and that Section 20 protections would only extend to insubordinate employees if they had correctly identified activity that "would" be illegal if undertaken. *See* 93rd Gen. Assembly, Reg. Sess., Senate Transcript, 27th Legislative Day, p. 25-26 (March 27, 2003). Illinois Senator Susan Garrett, who sponsored the bill that became the IWA, explained in the floor debate that under Section 20, "'[a]n employer may not retaliate against an employee for refusing to participate in an activity that *would* result,' not that '*may*' result, but that '*would*' result [in a violation of law]. [T]he intent is very clear, that this is clearly a *violation* of State or federal law, and that is, I think, where the line has to be drawn." *Id*. (emphasis added). There should be no question, then, but that the intent of the legislature was "very clear" when it made the distinction between the reasonable belief standard of Section 15 and the higher standard of Section 20. *Id*. Plaintiff, therefore, must show that his actions "would"—not "may"—have resulted in a violation of law. *Id*.; 740 Ill. Comp. Stat. 174/20.

## III. Courts in States with Similar Statutory Language in Their Whistleblower Acts Also Require Plaintiffs to Show that Their Actions Would Have Resulted in Actual Violations of Law.

New York has a statutory provision similar to Section 20 of the IWA. *See* N.Y. Lab. Law § 740(2)(c) (retaliation prohibited against an employee who "objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule, or regulation"). Courts there have construed the statute, correctly in Defendant's view, to preclude protections where employees have only a reasonable belief of illegal activity. *See, e.g.*, *Noble v. 93 Univ. Place Corp.*, 303 F. Supp. 2d 365, 373 (S.D.N.Y. 2003); *Bordell v. GE,* 88 N.Y.2d 869, 870-71 (N.Y. 1996). These courts have held that plaintiffs must prove that their refusals to participate in workplace activity "were in response to an actual violation of a relevant law, rule, or regulation.

The employee's good faith, reasonable belief that such a violation has occurred is insufficient to invoke the statute's protection." *Noble v. 93 Univ. Place Corp*., 303 F. Supp. 2d 365, 373 (S.D.N.Y. 2003) (internal quotes and citations omitted). Thus, the New York whistleblower statute is interpreted such that it conforms with its plain meaning, and plaintiffs who cannot show that an actual violation of law would have occurred, but for their refusals to act, have no cause of action. *Id.*

Louisiana, too, has a similar statute. La. Rev. Stat. Ann. 23:967 (reprisals not permitted against employee who "[o]bjects to or refuses to participate in an employment act or practice that is in violation of law"). Like the New York courts, Louisiana courts have construed the law such that it denies protection based on a mere reasonable belief. *See, e.g., Accardo v. La. Health Servs. & Indem. Co.*, 943 So. 2d 381, 383-87 (La. Ct. App. 2006) (holding that the statute requires plaintiffs to establish a violation of state law). The IWA should be construed similarly so that it grants protections to employees only when they can show that the activities they refused to perform would have resulted in an actual violation of law.

## CONCLUSION

GKN respectfully requests that the Court deny Plaintiff's motion for remand as it is apparent from the face of Plaintiff's Amended Complaint that federal copyright laws are central to his IWA claim and thus this lawsuit continues to arise under federal law. Further, Plaintiff's IWA claim requires this Court to determine whether a violation of federal copyright law has occurred, and only a federal court may undertake such an analysis.

**DATED: January 24, 2008**

Respectfully submitted,

GKN WALTERSCHEID, INC.

By /s/ Bradley S. Fiorito
One of Its Attorneys

Douglas A. Darch
Rebecca Pratt Bromet
Bradley S. Fiorito
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 24, 2008, he caused a copy of DEFENDANT'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO REMAND to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

Ernest T. Rossiello
134 N. LaSalle St., Suite 1330
Chicago, IL 60602-1137

_____/s/ Bradley S. Fiorito_______________